IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| JOE D. WILLIAMS, et. ux.<br>SANDRA L. WILLIAMS,<br><br>    Plaintiffs,<br><br>v.<br><br>ANDREW S. RUDIN, M.D.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:11-cv-01103-JDB-egb<br>)<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' (Joe D. Williams and wife Sandra L. Williams) Motion for

Default against Defendant Andrew S. Rudin, M.D., which has been referred for a report and

recommendation and, if necessary, to hold a hearing as to damages and other relief sought by the

Plaintiffs. [D.E. 24].

## RELEVANT BACKGROUND

Mr. and Mrs. Williams brought this medical negligence lawsuit against Defendant doctor

who had moved out of Tennessee. There is diversity of citizenship pursuant to 28 U.S.C.S. 1332

and the amount in controversy exceeds $75,000.00.

On June 1, 2012, the Clerk entered its Entry of Default as to the Defendant [D.E. 21], and

on June 5, 2012 Plaintiffs filed their Motion for Default Judgment [D.E. 22] . Defendant has not

responded to the entry of the default by the Clerk of this District Court [D.E. 21], nor to this

Motion to Enter Default Judgment [D.E. 22].  On July 20, 2012, this Court held a hearing in

accordance with Rule 55 (b)(2)(B) to determine the Plaintiffs' damages.

<u>ANALYSIS</u>

If a defendant fails to plead or defend as required by the Rules, the clerk or judge may enter default upon a plaintiff's request. Rule 55(a); *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194 (6th Cir. 1986) (When a defendant fails to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge.). Then, if no hearing is needed to ascertain damages, judgment by default may be entered. Rule 55(b); *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 844 (6th Cir. 1983) (*citing Meehan v. Snow*, 652 F.2d 274 (2d Cir. 1981).

When a court determines that a defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(d); Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* 2688. Therefore, after receiving a default, a plaintiff must still establish the extent of damages to which he is entitled. *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich.1983). However, if the damages sought by the plaintiff are a sum certain or a sum that can be made certain by computation, judgment will generally be entered for that amount without an evidentiary hearing. Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* 2688.

In this case, as previously stated, Defendant is in default and Entry of Default has been made. Regarding damages, the Court found that a hearing was necessary to determine the amount of damages.

At the hearing, Mr. Williams, age 61, testified in a very halting fashion, appearing to the Court to have significant mental impairment, which both he and his wife acknowledged resulted

from the treatment of Dr. Rudin. He could not remember things that likely he should have been able to recall. He testified that he had lived in Friendship, but now lives in Milan which has been closer to his wife's work as a Licensed Practice Nurse at Northbrook Nursing Home. He and his wife Sandra Williams have been married since 2004.

Mrs. Williams explained that in early 2010, he sought medical evaluation from the Defendant Cardiologist for heart issues he had had for about six months. He was diagnosed by Defendant with a paroxysmal (comes and goes) atrial fibrillation/flutter. This "A/fib" is an abnormal heart rhythm (arrhythmia) caused by chaotic and unorganized electric activity from the upper chambers of the heart. Plaintiff's treatment first involved medications, but they were not successful. Next, an invasive procedure termed "ablation" was used. This involves the insertion of narrow tubes (catheters) into the blood vessel through the neck or groin through to the heart. Using electrodes at the ends of these catheters, the doctor burns or cauterizes heart tissue. A successful result means abnormal electrical signals from the pulmonary vein would no longer trigger the A/fib.

Mrs. Williams testified further that on February 25, 2010, Dr. Rudin performed this ablation procedure on Plaintiff at the Jackson-Madison County General Hospital, but during this time he negligently burned the Plaintiff's esophagus by failing to properly monitor the temperature of the catheters and afterwards that he failed to properly diagnose and treat this worsening condition caused by the esophageal burn injury and associated atrial-esophageal fistula (abnormal hole or passageway in the esophagus). In layman's terms, Mr. Williams had had a hole burned through his esophagus. For the next 2-3 weeks, the Plaintiff continued to suffer with these as yet undiagnosed issues until he "crashed" at 5:00 a.m. She rushed him to Jackson and then later he was carried to Vanderbilt Hospital "at the point of death." There, a

correct diagnosis was made, and treatment rendered by Dr. Eric Grogan, a thoracic surgeon. Dr. Korban is now his local cardiologist in whose care he remains. According to Mrs. Williams, her husband was at the point of death at least twice following the ablation procedure. She testified further that Dr. Rudin later acknowledged to her the presence of this esophageal fistula.

Mr. Williams remains under doctors' care, and according to his wife, he has no stamina, has difficulty in walking, he falls, he can't concentrate in conversations, has no short-term memory and needs help doing almost everything. Prior to this injury he was an electrician making $13 to $18 per hour and working 40 hours a week. He testified that now he is unable to work or do any of the other things he used to do, such as dancing, shooting pool, caring for his dogs, and playing basketball. According to Mrs. Williams, doctors say he is completely disabled and as such, has lost his earning capacity. Additionally, his claim includes pain and suffering associated with this disability. His related medical expenses total $690,909. Mrs. Williams has had to change jobs and alter her daily schedule to provide relatively constant care he needs. Based on this and other effects to their marriage and lives together, she makes a spousal claim for loss of consortium.

## REPORT AND RECOMMENDATION

Based upon the proof introduced at the hearing of July 20, 2012, it is the Report and Recommendation of the Magistrate Judge that the United States District Court find that Defendant is in default and grant Plaintiffs' Motion. The Magistrate Judge recommends an award of monetary damages against the Defendant Andrew Rudin, M.D. as follows:

**$690,909** in medical bills which appear to be reasonable and necessary for the treatment of the Plaintiff Mr. Joe D.Williams.

**$182,000** in loss of income to Plaintiff Mr. Joe D. Williams (2010 - Social Security age of 66).

**$500,000** for physical and mental pain and suffering to Plaintiff Mr. Joe D. Williams.

**$250,000** to Plaintiff Mrs. Sandra L.Williams for loss of consortium of Mr. Williams.

   Respectfully Submitted,

          **s/Edward G. Bryant**
          EDWARD G. BRYANT
          UNITED STATES MAGISTRATE JUDGE

          Date: **July 31, 2012**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**